IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY DAVID DAVIS     PLAINTIFF

v.     Civil No. 6:18-cv-6009

SHERIFF JASON WATSON and
JAIL ADMINISTRATOR DERRICK
BARNES     DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 26, 2019, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 56). Judge Marschewski recommends that the Court grant Defendants Jason Watson and Derrick Barnes' motion for summary judgment (ECF No. 49) and dismiss Plaintiff Larry David Davis' claims with prejudice. Plaintiff has filed objections. (ECF No. 57). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On January 12, 2018, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in the Clark County Detention Center ("CCDC") from May 19, 2017, through December 29, 2017. After pre-service screening, two official capacity claims remained: a deliberate indifference claim related to Defendants' alleged failure to provide him a diabetic diet and a conditions of confinement claim related to allegations that, during the winter, Plaintiff was forced to sleep in a cell with an open window covered only by bars.

On December 19, 2018, Defendants filed a motion for summary judgment. Plaintiff responded to the summary judgment motion on January 19, 2019. On June 26, 2019, Judge Marschewski issued the instant report and recommendation. Judge Marschewski finds that Plaintiff failed to produce evidence that any injury he suffered related to a diabetic diet was the result of a policy, practice, or custom of CCDC. Judge Marschewski also finds that Plaintiff failed to exhaust his administrative remedies with respect to his conditions of confinement claim prior to bringing this action and, alternatively, that Plaintiff failed to produce evidence establishing a genuine dispute of material fact related to this claim. Accordingly, Judge Marschewski recommends that the Court grant Defendants' summary judgment motion and dismiss Plaintiff's remaining claims with prejudice. On July 11, 2019, Plaintiff filed objections.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d

356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

The Court will separately address Plaintiff's objections as to each of the two claims.

**A. Conditions of Confinement Claim**

Plaintiff claims that he was kept in a cell with an open window covered only by bars, exposing him to the outside air during the winter. Judge Marschewski made two findings on this claim. First, Judge Marschewski found that Plaintiff failed to exhaust his administrative remedies related to his cell's conditions before bringing this action. Second, Judge Marschewski found alternatively that Plaintiff failed to show a genuine dispute of material fact as to the claim. For both reasons, Judge Marschewski recommends that summary judgment is proper on this claim. Plaintiff objects, arguing that Defendants did not respond to any grievance he filed while at the CCDC and that they would "sometimes" tell him that they were out of grievance forms. Plaintiff also argues that Defendants knew that he was locked in a cell with no glass on the window, exposing him to the elements during winter. The Court will first take up Judge Marschewski's findings on failure to exhaust and, if necessary, the Court will then proceed to Judge Marschewski's findings on the merits.

**1. Failure to Exhaust**

Judge Marschewski found that Plaintiff has produced no evidence that he filed and fully exhausted a grievance with respect to the cell window or the temperature in his cell. From that, Judge Marschewski reasoned that Plaintiff failed to exhaust his administrative remedies and, thus,

summary judgment is proper on this claim. For the following reasons, the Court respectfully disagrees.

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit under section 1983. 42 U.S.C. § 1997e(a). "[R]eliance upon the PLRA exhaustion requirement is an affirmative defense under [Federal Rule of Civil Procedure] 8(c)." *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). In other words, the burden is on Defendants to plead and show that administrative remedies were available to Plaintiff and that he did not properly exhaust them before filing suit. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

Although Defendants pleaded failure to exhaust as an affirmative defense in their answer to Plaintiff's complaint, they did not assert a failure to exhaust argument in their underlying summary judgment motion. Although Defendants state in their summary judgment motion that Plaintiff did not file a grievance related to his cell window or the temperature in the cell, they do so in the context of arguing that Plaintiff had not put Defendants on notice of his cell conditions. At no time do Defendants argue that Plaintiff's conditions of confinement claim should be dismissed for failure to exhaust. The Court cannot *sua sponte* take up and determine that issue and, thus, summary judgment is not appropriate on this basis. *Id.*

Even assuming *arguendo* that Defendants asserted a failure to exhaust argument in their summary judgment motion, the Court finds that it is without sufficient information to find that Plaintiff failed to exhaust his administrative remedies for this claim. Defendants offer several grievances filed by Plaintiff at the CCDC, none of which appear to concern the cell window or the temperature in his cell. Defendants also filed the transcript of Plaintiff's deposition, where he

testified that he wrote two "requests" about the cold temperature in his cell.[1] (ECF No. 51-8, p. 56).

Based on the current summary judgment record, the Court cannot find that Plaintiff failed to exhaust his administrative remedies. "Defendants have provided the Court with no information indicating how inmates at the [CCDC] are informed of the grievance procedure, what the grievance procedure is, or who responds to the grievances." *Williams v. Turner*, 4:10-cv-4053, 2010 WL 3724827, at *2 (W.D. Ark. Sept. 17, 2010). Moreover, "[t]he Court has not been provided with an affidavit or any other information stating that Plaintiff's jail file was searched and no grievances were submitted regarding the issues in his complaint." *Id.* Thus, the Court sees no basis upon which to hold at this time that Plaintiff failed to properly exhaust his administrative remedies. *Foulk*, 262 F.3d at 698; *Williams*, 2010 WL 3724827, at *2. The Court now will turn to Judge Marschewski's recommendation as to the merits of the claim.

**2. Merits of Claim**

Judge Marschewski also found that Plaintiff failed to demonstrate a genuine dispute of material fact related to his claim that the CCDC had a policy, practice, or custom which resulted in him being housed in a cell open to the elements in winter. Accordingly, Judge Marschewski recommended that the Court grant summary judgment on the claim. Plaintiff objects, arguing that Defendants knowingly placed him in a cell that was open to the elements, resulting in him being exposed to freezing temperatures. The Court agrees with Judge Marschewski's recommendation as to the merits, but does so for slightly different reasons, which will now be outlined.

Plaintiff brings his conditions of confinement claim against Defendants in their official capacities only. Official capacity claims are "functionally equivalent to a suit against the

---

[1] However, these "requests" have not been put into the record as evidence.

5

employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims are treated as claims against Defendants' employing governmental entity, Clark County, Arkansas. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Clark County's liability under section 1983, Plaintiff "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (internal citation omitted).

To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A custom conflicting with a written policy can also support an official capacity claim. *Johnson v. Douglas Cnty. Med. Dept.*, 725 F.3d 825, 829 (8th Cir. 2013). A single deviation from a written policy does not establish a custom but, rather, to establish the existence of a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828. Under this standard, "multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently

long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.*

Plaintiff has provided no evidence that Clark County's official policy is to house inmates in cells that allow the outside winter air to freely flow into the cell. Furthermore, Plaintiff presents no evidence of a guiding principle or procedure made by the municipal official who has final authority regarding such matters. Rather, his objections appear to contend that Clark County had "no policy at all" related to cell temperature conditions. (ECF No. 57, p. 3). Thus, he has failed to establish an unconstitutional policy on the part of Clark County.

Plaintiff has also provided no evidence that the complained-of conditions in his cell were the result of a Clark County custom. Plaintiff has failed to establish that Clark County policymaking officials were deliberately indifferent to or tacitly authorized unconstitutional misconduct after receiving notice of the misconduct. Plaintiff testified in his deposition that he wrote two "requests" about the temperature in his cell. However, he provides no evidence that those requests were received and read by Clark County's policymaking officials, thereby putting them on notice of his cell's conditions.

Plaintiff also argues that the CCDC's compliance records—produced after the Arkansas Department of Finance and Administration inspected the CCDC—indicate that the facility had heating compliance issues. The Court presumes that Plaintiff's argument is that Clark County's policymaking officials received and read the compliance records, thereby putting them on notice of the conditions in his cell. However, Plaintiff provides no evidence establishing this and, moreover, the compliance records only state vaguely that the "CCDC has and is continuing to address a number of plumbing and climate control issues." (ECF No. 51-7, pp. 2, 11). Even when viewing the evidence in the light most favorable to Plaintiff, the compliance records—which

7

address all areas of the CCDC, not just cells—do not establish that the CCDC had heating issues specifically in Plaintiff's cell, that the issue amounted to a constitutional deprivation, and that the policymaking officials were aware of the issue and were deliberately indifferent to or tacitly authorized it. Therefore, Plaintiff has failed to establish an unconstitutional custom.

In the absence of a genuine issue of material fact regarding Plaintiff's official capacity conditions of confinement claim, the Court finds that summary judgment is appropriate on that claim. The claim shall be dismissed.

**B. Diabetic Meals**

Judge Marschewski also found that Plaintiff failed to demonstrate a genuine dispute of material fact related to his claim that the CCDC had a policy, practice, or custom which resulted in him being served medically inappropriate meals. Accordingly, Judge Marschewski recommended that the Court grant summary judgment on the claim. Plaintiff objects, stating that the CCDC served him bologna and salami sandwiches with chips, twice a day, for the nine months he was incarcerated there. Plaintiff states further that for the first five months of his incarceration at the CCDC, they did not have diabetic snacks for inmates and, once diabetic snacks were made available, Plaintiff was refused a snack whenever he requested one.

Plaintiff's diabetic meal claim is asserted against Defendants in their official capacities only. As previously stated, to establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler*, 165 F.3d at 1204. Alternatively, Plaintiff may establish an unconstitutional custom by showing:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson*, 725 F.3d at 828.

In support of their summary judgment motion, Defendants provided the affidavit of Cassie Gonzales, the nurse practitioner at the CCDC. (ECF No. 51-9). Nurse Gonzalez testified that she regularly examined and treated Plaintiff and that the food served to him was medically appropriate. She also testified that she directed jail staff to keep peanut butter on hand and give a scoop to Plaintiff if his blood sugar became too low, which jail staff did. The affidavit of Defendant Barnes likewise indicates that, when ordered by medical staff, snacks or extra food are kept in an easily accessible area when needed for inmates. (ECF No. 53-1, p. 2). Defendants also filed Plaintiff's deposition transcript, indicating that the CCDC allowed him to test his blood sugar levels multiple times a day (ECF No. 51-8, pp. 26-27); that Nurse Gonzalez recommended that he alter his blood pressure medication, but he refused to do so (ECF No. 51-8, pp. 39-42); and that he would selectively eat only the portions of the meals given to him that he felt were healthy (ECF No. 51-8, pp. 38-39). Judge Marschewski pointed to this evidence in concluding that there was no genuine dispute of material fact as to whether Clark County had a policy, practice, or custom related to Plaintiff's diabetic diet.

The summary judgment record also contains Plaintiff's intake sheet at the CCDC, which notes that he has diabetes. (ECF No. 51-4, p. 2). Plaintiff's sworn deposition testimony indicates that his meals were no different than the meals given to non-diabetic inmates. (ECF No. 22). Plaintiff also testified that he did not receive a diabetic snack for the first several months he was incarcerated in the CCDC. (ECF No. 51-8, pp. 27-28, 31-33, 35). He further testified that he

would not receive a diabetic snack in November, after diabetic snacks were offered at the CCDC. (ECF No. 51-8, p. 35). Plaintiff also testified that he estimates he lost roughly ten pounds during the time that he was incarcerated in the CCDC. (ECF No. 51-8, pp. 15-16).

The Court agrees with Judge Marschewski that Plaintiff has produced no evidence establishing a Clark County official policy related to serving medically inappropriate meals to diabetics. Moreover, nothing in the record indicates "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler*, 165 F.3d at 1204. Thus, the Court finds that Plaintiff has failed to establish an unconstitutional policy.

Although it is a closer question, the Court also agrees with Judge Marschewski that Plaintiff has failed to establish a Clark County custom related to diabetic meals or snacks. As stated above, "multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Johnson*, 725 F.3d at 829. Plaintiff has pointed to no evidence in the record demonstrating that Clark County policymakers were aware of an unconstitutional custom of serving medically inappropriate meals to diabetic inmates but were deliberately indifferent to or tacitly authorized said custom. Plaintiff did not testify during his deposition that he submitted a grievance or request related to his lack of access to medically appropriate meals or that he otherwise communicated with the Clark County policymakers regarding this issue. Although the record contains a handful of grievances and medical requests Plaintiff submitted at the CCDC, none of the grievances in the record concern Plaintiff's denial of medically inappropriate meals.[2]

---

[2] The closest Plaintiff comes is in a grievance expressing frustration that he had not received a box of snacks sent to him at the CCDC by his family. (ECF No. 51-3, pp. 3-4. Plaintiff states in the grievance that he wants the box of

10

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that he has not established that the CCDC had a custom of serving medically inappropriate meals to diabetic inmates, that the issue amounted to a constitutional deprivation, and that the policymaking officials were aware of the issue and were deliberately indifferent to or tacitly authorized it. Therefore, Plaintiff has failed to establish an unconstitutional custom.

In the absence of a genuine issue of material fact regarding Plaintiff's official capacity claim of medically inappropriate meals, the Court finds that summary judgment is appropriate on that claim. Accordingly, the claim shall be dismissed.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Marschewski's Report and Recommendation. (ECF No. 56). Therefore, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 56) insofar as it recommends that the Court grant Defendants' summary judgment motion and dismiss this case. Defendants' summary judgment motion (ECF No. 49) is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

snacks to better manage his blood sugar levels, but at no point does he indicate that he is being denied diabetic meals or snacks as ordered by CCDC medical staff. Plaintiff also submitted several grievances requesting medical treatment for his kidneys and complaining that he was not allowed to purchase certain hygiene products from the commissary. None of these grievances put Clark County policymakers on notice of a custom of serving medically inappropriate meals to diabetic inmates.